# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LARRY ANGEL MANRIQUEZ,<br><br>    Plaintiff<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendants | Case No.: 2:18-cv-00863-APG-VCF<br><br>**Order 1) Granting Defendants LVMPD and Sheriff Lombardo's Motion for Partial Dismissal, 2) Granting Defendants William and Holm's Motion to Dismiss, and 3) Denying Plaintiff's Motion for Leave to Amend Complaint**<br><br>[ECF Nos. 22, 42, 45] |

    Plaintiff Larry Manriquez commenced this action against the Las Vegas Metropolitan Police Department (LVMPD), Sheriff Joseph Lombardo, corrections officer (CO) Pablo Torres, CO Max Fraser, Sergeant Daniel Holm, Sergeant Jacob Williams, Lieutenant Glaude, and other not yet known officers, for injuries arising while he was a pre-trial detainee at the Clark County Detention Center (CCDC). He brings an excessive force claim under 42 U.S.C. § 1983, as well as state law claims for assault, battery, intentional infliction of emotional distress (IIED), and negligent training, supervision, and retention.

    LVMPD and Sheriff Lombardo move for partial dismissal, arguing that Sheriff Lombardo, who was sued only in his official capacity, should be dismissed because the entity LVMPD is the appropriate defendant. ECF No 22 at 3. They also argue that Nevada's discretionary immunity doctrine prevents Manriquez from asserting a state law claim for negligent hiring, training, or supervision. *Id.* at 4-5.

    Manriquez responds that Sheriff Lombardo should have been sued in both his individual and official capacities. ECF No. 40 at 3. He argues that the negligent training, supervision, and retention claim (his fifth cause of action) should not be dismissed because the defendants acted

in bad faith and thus discretionary immunity does not apply. *Id.* at 3-5. He also argues that his fifth cause of action does not fail as a matter of law and he should be permitted to conduct discovery. *Id.* at 5.

Sergeant Holm and Sergeant Williams also move to dismiss Manriquez's fifth cause of action and to be dismissed from the case. ECF No. 45 at 2. They argue they had no personal involvement or role in the alleged incident, so they can be sued only for negligent training, supervision, and retention. *Id.* at 4. They further argue that Nevada's discretionary immunity doctrine protects them from suit and there is no evidence that they had supervisory or training roles. *Id.* at 5-6. Manriquez responds that Holm and Williams should not be dismissed because they are subject to supervisory liability under § 1983. ECF No. 53 at 4-6. He also presents the same bad faith argument against dismissing the fifth cause of action. *Id.* 6-8.

Manriquez moves to amend his complaint to name Sheriff Lombardo in both his individual and official capacities and to specifically allege bad faith in the fifth cause of action. *Id.* at 6. Defendants LVMPD, Sheriff Lombardo, Sergeant Williams, Sergeant Holm, CO Torres, and CO Fraser oppose, arguing amendment would be futile. *See* ECF No. 51.

**I. DISCUSSION**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

*A. Negligent Training, Supervision, and Retention*

Nevada Revised Statutes § 41.032 sets forth exceptions to Nevada's general waiver of sovereign immunity. Relevant here, no action may be brought against a state officer or employee or any state agency or political subdivision that is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved is abused." Nev. Rev. Stat. § 41.032(2),

Nevada looks to interpretations of the Federal Tort Claims Act for guidance on what conduct is protected by discretionary immunity. *Martinez v. Maruszczak*, 168 P.3d 720, 729 (Nev. 2007). First, the act must involve an element of choice or judgment. *Id.* at 728. Second, the judgment must be the kind the exception is designed to shield: "decisions grounded in social, economic, and political policy." *Id.* at 729 (quotation omitted). The Ninth Circuit and other circuits have held that "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (collecting cases). However, actions taken in bad faith are not within an actor's discretion. *Falline v. GNLV Corp.*, 823 P.2d 888, 892 n.3 (Nev. 1991).

Because Nevada looks to federal case law to determine the scope of discretionary immunity, and because federal case law consistently holds that training and supervision are acts entitled to such immunity, LVMPD and Sheriff Lombardo are entitled to discretionary immunity on this claim. *See Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008), *aff'd*, 371 F. App'x 752 (9th Cir. 2010). While Manriquez asserts that bad faith

is inherent in his complaint, he fails to plausibly allege that LVMPD or Sheriff Lombardo acted in bad faith with respect to training, supervision, or retention. Therefore, I dismiss this claim against LVMPD and Sheriff Lombardo without prejudice.

As for Sergeants Williams and Holm, the complaint alleges that, after Holm was alerted to Manriquez's injury by a non-defendant correction officer, Holm and Williams "immediately suspected truthfulness issues regarding Defendant CO Fraser's verbal and written accounts of the incident" and Holm called internal affairs about the discrepancies. ECF No. 18 at 8, 16. According to the complaint, Lieutenant Glaude, who worked in internal affairs, instructed Holm to have CO Fraser change his story about the incident in an official report. *Id.* at 16. Manriquez then alleges that CO Fraser and CO Torres lied to internal affairs about the incident. *Id.*

If true, such actions may constitute bad faith as to Sergeant Holm but not Sergeant Williams. There are no allegations suggesting Sergeant Williams acted in bad faith. Thus, Sergeant Williams is entitled to discretionary immunity.

Additionally, nowhere in the complaint does Manriquez plausibly allege that Sergeant Holm or Sergeant Williams were supervising or training CO Torres and CO Fraser. Because being a supervisor is necessary to be liable for negligent training, supervision, and retention, I dismiss this claim against Sergeants Holm and Williams without prejudice.

*B. Sheriff Lombardo*

Manriquez sued Sheriff Lombardo only for negligent training, supervision, and retention, which claim is dismissed. But even if Manriquez intended to sue Sheriff Lombardo in his official capacity for other causes of action, he still would be dismissed from the case because LVMPD is the proper defendant.

Official-capacity suits filed against government officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Haver v. Melo*, 502 U.S. 21, 25 (1991). As such, "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Center for Bio–Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Because Sheriff Lombardo was sued only in his official capacity, and because LVMPD is a defendant, Sheriff Lombardo is dismissed as a redundant defendant.

*C. Sergeants Holm and Williams*

The remaining claims against Sergeants Holm and Williams are: (1) § 1983 excessive force, (2) assault, (3) battery, and (4) IIED.

1. Section 1983 Excessive Use of Force

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). The plaintiff must also show "personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F. 3d 930, 934 (9th Cir. 2002). Manriquez does not dispute that Holm and Williams did not directly participate in the excessive force. However, he argues that they are liable through supervisory liability.

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to prevent them." *Taylor v. List*, 880 F. 3d 1040, 1045 (9th Cir. 1989); *see also Starr v. Baca*, 652

F.3d 1202, 1205-06 (9th Cir. 2011) (stating a supervisor may be liable for "his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others.") (internal quotations omitted)).

Manriquez's complaint does not plausibly allege supervisory liability as to Sergeants Holm and Williams. Thus, they are dismissed from this cause of action without prejudice.

### 2. Assault and Battery

"To state an assault claim, a plaintiff must demonstrate that the defendant: (1) intended to cause harmful or offensive physical contact; and (2) the victim was put in apprehension of such contact." *Estate of Sauceda v. City of N. Las Vegas*, 380 F. Supp. 3d 1068, 1088 (D. Nev. 2019). "To state a battery claim, a plaintiff must demonstrate that the defendant: (1) intended to cause harmful or offensive contact; and (2) such contact occurred." *Id.* Sergeants Holm and Williams cannot be liable for assault or battery because they did not participate in the alleged attack that resulted in harm to Manriquez. They are dismissed from this cause of action with prejudice.

### 3. IIED

A plaintiff who seeks to make a claim for IIED must establish "1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981).

Here, causation fails because Manriquez has not plausibly alleged that Holm and Williams behaved in an outrageous manner that led to his attack. There are no allegations that the sergeants directed or even knew that CO Torres and CO Fraser were going to harm

6

Manriquez. Accordingly, Sergeants Holm and Williams are dismissed from this cause of action with prejudice.

*D. Amendment*

Manriquez seeks leave to amend his complaint to sue Sheriff Lombardo in his individual capacity and to assert bad faith in the fifth cause of action. However, his proposed amended complaint does not address the issues detailed above regarding the fifth cause of action, so the proposed amendment would be futile. I therefore deny Manriquez's motion for leave to file an amended complaint.

Manriquez may be able to assert facts to plausibly allege that Sergeant Holm, Sergeant Williams, and Sheriff Lombardo are supervisors responsible for the training, supervision, and retention of CO Torres and Co Fraser, and that they acted in bad faith. However, Manriquez must move to amend not only under Federal Rule of Civil Procedure 15, but also under Rule 16 because the deadline to amend pleadings has passed. ECF No. 21 at 3.

Rule 16 requires showing "good cause" for not having amended the complaint before the time specified in the scheduling order expired, and it centers on the moving party's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action. *See United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007).

If Manriquez can assert facts to plausibly allege Sheriff Lombardo, Sergeant Holm, and Sergeant Williams are supervisors who acted in bad faith, he has until March 2, 2020 to move to amend and to submit a copy of the proposed amended complaint. The motion must address Rules 15 and 16.

## II. CONCLUSION

I THEREFORE ORDER that defendants LVMPD and Sheriff Joseph Lombardo's motion to dismiss **(ECF No. 22) is GRANTED.** Plaintiff Larry Angel Manriquez's fifth cause of action is dismissed without prejudice. Sheriff Lombardo is dismissed from this case.

I FURTHER ORDER that defendants Sergeant Jacob Williams and Sergeant Daniel Holm's motion to dismiss (**ECF No. 45) is GRANTED.** Sergeant Williams and Sergeant Holms are dismissed from this case.

I FURTHER ORDER that plaintiff Larry Angel Manriquez's motion for leave to amend his complaint **(ECF No. 42) is DENIED.**

I FURTHER ORDER that Manriquez has until March 2, 2020 to file a motion to amend his complaint if he so chooses and if facts exist to do so. The motion must address Rules 15 and 16 of the Federal Rules of Civil Procedure and must include the proposed amended complaint.

DATED this 4th day of February, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE